DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROLANDO VALENCIA MIRANDA,

    Defendant.

Criminal Case No. 96-00097

**ORDER**

This Court is in receipt of the Defendant's, Rolando Valencia Miranda, Motion to Eliminate, Vacate, Reduce or Modify Fine. Therein, the Defendant contests the Court's imposition of a fine at sentencing. Accordingly, the Court treats the Defendant's motion as a motion for relief pursuant to 28 U.S.C. § 2255 *nunc pro tunc* to July 2, 2002.

SO ORDERED this 31st day of July, 2002.

JOHN S. UNPINGCO
District Judge

FILED
DISTRICT COURT OF GUAM
JUL 02 2002
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROLANDO VALENCIA MIRANDA,<br><br>Defendant. | CV-02-00020<br>Criminal Case No. 96-00097<br><br>**ORDER** |

This Court is in receipt of the Defendant's, Rolando Valencia Miranda, Motion to Eliminate, Vacate, Reduce or Modify Fine. The Plaintiff shall have until August 9, 2002, in which to file a Response to the Motion. If a Response is received, the defendant shall have thirty days from receipt of the United States' Response in which to file a Reply. Thereafter, if the Court finds that a hearing is necessary on defendant's motion, a hearing date shall be set at a later date.

SO ORDERED this 2nd day of July, 2002.

JOHN S. UNPINGCO
District Judge

Rolando Valencia Miranda
Reg. No. 01296-093
P.O. BOX 7001
Taft, CA 93268

FILED
DISTRICT COURT OF GUAM
JUN 17 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> ROLANDO VALENCIA MIRANDA ) <br> ) | CRIMINAL CASE NO. CR96-00097 <br><br> MOTION TO ELIMINATE/VACATE/ <br> REDUCE/OR MODIFY FINE |

**Comes Now** the Defendant, Rolando Valencia Miranda, appearing in pro se, pursuant to the applicable Federal Rules and Statutes, to give Notice this Motion to Eliminate/Vacate/Reduce/or Modify the Judgement of this court ordering a fine on May 18, 1998 and filed in the District Court of Guam on August 29, 2001.

In support of this Motion the Defendant submits the following:

### Statement of Facts and Procedural History

On October 30, 1996, a six count indictment was filed against Rolando Valencia Miranda. The Indictment charged Mr. Miranda with Conspiracy to Import Methamphetamine (1 count), Importation of Methamphetamine (4 counts), and Attempted Importation of Methamphetamine (1 count).

On May 18, 1998 Mr. Miranda was sentenced to serve 120 months (10 years), in federal prison. Mr. Miranda was also assessed a $17,500. fine. Mr. Miranda does not wish to contest the 120 month sentence.

## REASONING

Fining Mr. Miranda in addition to a 10 year prison sentence warrants reconsideration. First of all, Mr. Miranda's case is unique from most other cases. Following his arrest, Mr. Miranda cooperated fully with the Government. He aided the Government by providing them with names and information. He was placed under house arrest for 14 months prior to sentencing. During that 14 month period he was recruited by the Government to help them try and attain evidence on other drug dealers and distributors. Even more important, during that 14 month period, Mr. Miranda was not allowed to leave his tiny apartment to work and help support his family ( four children, wife and younger siblings which he had been supporting prior to his arrest). Thus, any assets that Mr. Miranda had were sold and used to help support his family. (See exhibit A, page 11, number's 84 and 85 of P.S.I. Report).

On May 18, 1998, at sentencing, the Government did make a recommendation for an 18 U.S.C. §3553(c) and U.S.S.G. §5K1.1 sentencing departure below the Guideline range calculated by the Probation Department. (See exhibit B). This departure was given to Mr. Miranda as it pertained to the time in prison he would have to serve. The Court could have used the Government's Statement for Departure and points 84 and 85 in the P.S.I. Report to negate any sort of fine given to Mr. Miranda.

Mr. Miranda's attorney filed a Statement of Position of

Defendant concerning the Pre-Sentence Investigation Report contesting his ability to pay a fine. This issue was not addressed at sentencing.

Further, the Court failed to take into consideration the specific and relevant factors required under statutory and case authority. In this regard, 18 U.S.C. §3663(B) provides in pertinent part that the sentencing Court must take into consideration at least:

> . . . the financial resources of the defendant, the financial needs and earning ability of the defendant, and defendants' dependants . . . . . . .

This aspect of the requirements to make specific findings as to the appropriateness of amount and payment schedule have been addressed in numerous courts. In U.S. v. Graham, 72 F.3d 352 (C.A.3, 1995), the Court held:

> . . . trial court's failure to find that the defendant had ability to pay restitution required remand so that the findings could be made, in addition to specific findings concerning defendant's ability to earn income in the future . . . . .

See also U.S. v. Siegel, 153 F.3d 1256 (C.A.7, 1998) (abuse of discretion to make an order of restitution without considering the ability to pay); U.S. v. Grimes, 967 F.2d 1468 (C.A.10, 1992) (must consider assets and earning potential); U.S. v. Ramilo, 986 F.2d 333 (C.A.9, 1993).

Mr. Miranda has been required to make quarterly payments of $50.00. This will continue for the remainder of his 10 years sentence and throughout his 5 year term of supervised release. Assuming arguendo that the judge could make this determination, Mr. Miranda's financial circumstances at the time of sentencing

-3-

(and the likely circumstances reasonably anticipated after release from prison) do not support the fine or payment schedule set by the Court. See U.S. v. English, 92 F.3d 909 (C.A.9, 1995) generally; and U.S. v. Bachsian, 4 F.3d 796 (C.A.9, 1993), cert. den. (the record must indicate clearly that the sentencing Court at least considered the defendant's future ability to pay); and U.S. v. Ramilo, 986 F2d 333 (C.A.9, 1993) (the payment schedule must be based on some evidence that ghe defendant will be able to pay when he becomes required to do so). The interest alone, since Mr. Miranda's last $50.00. payment against his fine, was $227.24. His fine has already risen from $17,500. to $22,221.67. (See exhibit C) Meanwhile, his four children and wife continue to suffer as a result of this unneccessary fine. Clearly, Mr. Miranda will never be able to pay this fine off. The burden of having to pay $50.00. quarterly only aids in depriving his children and wife of what little money he does earn while in prison.

Based upon the foregoing, the Court should vacate the fine assessed to Mr. Miranda and the matter should be reviewed on such factors as his ability to pay any amount all things considered.

Respectfully submitted,

Rolando Valencia Miranda


Exhibit A

81. While on pretrial release the defendant was randomly drug tested 29 times. Each test yielded negative results for the use of illicit substances.

### Education and Vocational Skills

82. The defendant graduated from high school in Pampanga, Philippines in 1985. He began college at Gua Gua National College however was forced to drop out in 1986 after his father was murdered. He indicated that while in school he received some specialized training as a field project engineer however this is unverified.

### Employment

83. The defendant stated he worked briefly at Island Equipment Company in Tamuning, Guam for about one month in March 1989. He stated he earned minimum wage and left in search of better wages. He reported he worked at Diamond Auto Parts briefly. The defendant reported he worked for Guam Hotel Okura for some time, but could not recall the exact dates. Mr. Hiroshi Kaneshiro of Guam Hotel Okura verified that the defendant was employed there as a waiter earning $4.05 an hour for one month in 1990. He was then employed by them as a busperson earning $5.10 an hour. Their records indicate he worked there from November 1991 until September 1993.

### Financial Condition: Ability To Pay

84. The defendant reports significant assets in the Philippines, primarily two residential lots valued at about $6,950, and a house and lot valued at $14,000. He also owns eleven agricultural lots valued at about $10,480. He noted on Probation Form 48A, Personal Financial Statement, that the prospects are good his properties will increase in value in the near future. Additionally, he owns a Mercedes Benz van, a 1996 Korean-made model, valued at $25,000, and cash and jewelry totalling just under $10,000. Since the presentence report was filed on August 29, 1997, several of the defendant's assets have been sold to meet monthly living expenses. The defendant reports that he has since sold his two residential lots and eleven agricultural lots in the Philippines and his Mercedes Benz van to cover living expenses over the past seven months. He reports that he received less than $41,000 total from the sale of these items and that this money was used to support his family in the Philippines and meet his living expenses while released on home detention here in Guam.

85. The defendant reports he has a business loan from the Bank of Hawaii in the Philippines in the amount of $8,897.75, and personal loans to relatives amounting to $25,000. He reported his monthly commission from his clothing business to be about $1,500, and listed his monthly expenses as follows:

| | |
|---|---:|
| Electric | $ 100 |
| Heating Oil/Gas | 50 |
| Water/Sewer | 50 |
| Telephone | 100 |
| Groceries/Supplies | 1,500 |
| Auto insurance | 25 |
| Medical | 50 |
| Clothing | 50 |
| School tuition | 100 |
| Gas | 100 |
| **Total Monthly Expenses** | **$ 2,125** |

**Exhibit B**

FREDERICK A. BLACK
United States Attorney
MARK E. KONDAS
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores St.
Agana, Guam  96910-5113
TEL:  (671) 472-7332
FAX:  (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAY 18 1998
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROLANDO VALENCIA MIRANDA,<br><br>Defendant. | CRIMINAL CASE NO. 96-00097<br><br>GOVERNMENT'S STATEMENT<br>ADOPTING FINDINGS OF<br>THE PRESENTENCE REPORT<br>AND MOTION FOR DEPARTURE |

Pursuant to General Order 88-1, paragraph 3(b), the United States adopts the findings of the Revised Presentence Investigation Report for the above-referenced defendant.

In addition, the United States respectfully moves this Court, pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1, to impose a sentence below the guideline range calculated by the U.S. Probation Department.  The government makes this motion on the grounds that the defendant has provided substantial assistance to federal authorities in the investigation of narcotics trafficking and related crimes.  The following facts support the government's motion:

1.    The defendant provided information regarding the Abisia

-1-

**ORIGINAL**

drug organization.

2. The defendant provided federal authorities with information concerning three narcotics traffickers on Guam.

Based upon the above facts, the government requests this court to depart from a total offense level of thirty-three (33) to a total offense level of thirty-one (31) and sentence the defendant to 120 months.

respectfully submitted this 18th day of May, 1998.

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

By: /s/ Mark E. Kondas
MARK E. KONDAS
Assistant U.S. Attorney


Exhibit C

U.S. Department of Justice

**United States Attorney**
*District of Guam*

Sirena Plaza, Suite 500
108 Hernan Cortez Avenue  (671) 472-7332
Hagåtña, Guam 96910  FAX (671) 472-7334

April 15, 2002

Mr. Rolando Valencia Miranda
#01296-093; CI-Taft
P.O. Box 500, 1500 Cadet Rd.
Taft, CA 93268

RE: STATEMENT OF ACCOUNT 1998Z00136/001

Date Payment Received: 01-APR-02
Amount of Payment: $50.00
Interest Accrued Since Last Payment: $227.24
Interest Calculation Date: April 1, 2002

|  | PAYMENT APPLICATION | CURRENT DEBT BALANCES |
|---|---|---|
| Principal: | -$50.00 | $17,100.00 |
| Interest: | $.00 | $5,121.67 |
| Penalties: | $.00 | $.00 |
| Costs: | $.00 | $.00 |
| Total: |  | $22,221.67 |

Date Next Payment Due:
   Installment Amount:
     Overdue Amount:
     Total Amount Due:

If you have any questions, please call Michelle Perez at the phone number listed above for assistance.

If the debt is interest bearing, retain top portion for tax records. End-of-year interest will not be provided. Detach bottom portion and return with your payment.

---

Case Number: 1998Z00136/001
Name: Rolando Valencia Miranda
Regular Payment Amount:
   Overdue Amount:
   Total Amount Due:

Amount Enclosed: _____