```
                                                    FILED
                                              DISTRICT COURT OF GUAM
                                                 SEP 0 4 2002
                                              MARY L. M. MORAN
                                              CLERK OF COURT
```

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROLANDO VALENCIA MIRANDA,<br><br>Defendant. | Criminal Case No. 96-00097<br>**Civil Case No. 02-00020**<br><br>ORDER |

This matter is before the Court on Defendant's, Rolando Valencia Miranda, Motion to Eliminate, Vacate, Reduce or Modify Fine. Finding no basis for the relief as requested, the Court DENIES the petitioner's motion.

I.  **FACTUAL BACKGROUND**

Between on or about August 1996 through October 1996, the defendant participated in a conspiracy with Roland Abisia, and others to import 3,000 grams of crystal methamphetamine, "ice," from the Philippines into Guam for the purpose of distribution and profit. During the conspiracy, the defendant made numerous trips between the Philippines and Guam. The purpose of such trips was to transport large sums of United States currency from Guam to the Philippines. In addition, the defendant caused large shipments of "ice" to be flown from the Philippines to Guam, hidden inside styrofoam shipping containers aboard Continental Airline flights.

On October 8, 1996, the defendant was arrested. Thereafter, on March 14, 1997, the defendant

executed a formal written plea agreement pursuant to Fed. R.Crim. P. 11(e)(1)(C) with the government. He pled guilty to importation of crystal methamphetamine, a.k.a. "ice", in violation of 21 U.S.C. §§ 952(a), 960 and 963. On May 18, 1998, the Court sentenced the defendant to 120 months imprisonment pursuant to the plea agreement, five years of supervised release upon release from imprisonment and fined the defendant $17,500.00, the minimum fine in accordance with the Sentencing Guidelines. The defendant did not appeal his sentence. On June 17, 2002, the defendant filed a Motion to Eliminate, Vacate, Reduce or Modify Fine.

## II. DISCUSSION

The defendant claims the Court improperly imposed a fine at his sentencing without making specific findings as to his ability to pay. However, before the Court rendered its sentence, the Probation Officer informed the Court that the defendant owned a number of assets and that he had been engaged in an enterprise that resulted in the defendant reaping substantially large profits. Moreover, at the sentencing, the government stated that the defendant before the Court was not the "same gentleman that was arrested by the FBI ... When he was initially arrested he had a Rolex watch and a diamond tennis bracelet."[1] There was a basis for the Court to find that the defendant could afford a fine.

A district court is bound to impose a fine within the Guidelines range "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *See* USSG §§ 5E1.2(a), (f). Moreover, the defendant knew at the time of sentencing whether or not he would be able to afford such a fine and the kind of burden it would place on his family. However, at no time during the sentencing did the defendant pose an objection to the imposition of a fine.

Nor did the defendant file an appeal contesting the imposition of a fine. Again, the defendant was aware of his financial circumstances at that time. However, instead of acting timely, the defendant waited some thirty-six months too late to address the matter. And, now he is procedurally barred from raising such a claim. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do, he must demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993), citing United States v.

---

[1] United States v. Rolando Valencia Miranda, Case No. CR96-00097, Sentencing Hearing Transcript (May 18, 1998, page 27, lines 4-9).

Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584 (1982). Here, the defendant has neither shown cause nor actual prejudice. Accordingly, the Court will not move to eliminate, vacate, reduce or modify the fine.

### III. CONCLUSION

Because the defendant has failed to demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error, the Court finds no basis for relief as requested and therefore **DENIES** the defendant's motion.

IT IS SO ORDERED, this 4th day of September, 2002.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 9-4-02.
No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: Marilyn B. Alcon  9-4-02
Deputy Clerk / Date